GEORGE HARLAND v. THE STATE.

No. 12387. Delivered March 13, 1929.
Rehearing denied May 8, 1929.

The opinion states the case.

*Benjamin Kucera* and *Bledsoe, Crenshaw & Dupree* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft of property of the value of more than fifty dollars; punishment, three years in the penitentiary.

We find in the record no bills of exception, and the only contention made in the brief of appellant seems to be directed at the sufficiency of the testimony. A new Buick coupe of the value of $1500.00 was taken in Lubbock, Texas, on June 12, 1928. This was on Tuesday. On the following Saturday night at a dance near Ralls in an adjoining county appellant approached one Phillips and as the latter expressed it several times in his testimony,—"exchanged cars" with him. The car thus delivered to Phillips by appellant was the alleged stolen car. Phillips and Watson tried to drive the car away after the dance but it was in such condition that they could not get far with it. While they were trying to move it the sheriff of the county passed and later came back, got the car, and on Sunday took it to Ralls where it was kept until the owner sent for it. The sheriff said the night he saw these men working with the car was Saturday night, June 16th. The oil pan of the car had a hole punched in it through which the oil had run out; the right door was broken, and the glass of the left door was gone; the jump seat was gone as was the spare tire. This is the substance of the State's direct testimony.

Appellant's brother swore for the defense that about the 11th or 12th of June appellant came to his place south of Ralls in a Chevrolet coupe, but left saying he would be back that evening. Later a man calling himself Stone came out to witness' place in a new Buick coupe and asked for appellant and waited around until appellant came back. The two stayed until night and left together, appellant in the Chevrolet and Stone in the Buick. Stone told witness he was selling the car on commission for a dealer. Defense witness Patton swore that on *Monday morning,* about the middle of June, appellant was at his house south of Ralls and that a man came and was there at the same time with appellant, who tried to

sell witness a new Buick coupe. Appellant and the man went away but came back that evening. He did not say what finally became of them. Appellant swore that he went to the dance mentioned in a Buick car with one Webb whom he said was supposed to be the owner of said car. He testified that the car was nearly out of gas and Webb wanted him to borrow some kind of a car from some one else, so he borrowed Phillips' car; that he told Phillips that Webb said he could use his car. At another place appellant testified that he did not at any time tell Phillips anything about the Buick car. He also swore that he saw that car at the dance, also saw it the next day and again the following Saturday, and that it was being used the next day and also the Saturday following. He said he did not permit Phillips to use Webb's car; Webb did that himself. Phillips in rebuttal stated that the dance at which he exchanged his car for the Buick coupe, was at the house of one Jones, and that he did not see Webb at said dance and had no conversation with him; that he had seen Webb driving the Chevrolet car which witness bought from appellant.

While not as strong as in some cases, the evidence seems sufficient. The car was unquestionably stolen. When next seen by State witnesses it was "exchanged" by appellant at a dance in another county. Appellant attributed this transaction to Webb, but the State witness denied this. Appellant introduced only Patton aside from himself and his brother. Patton swore that he saw this Buick car at his place on *Monday morning* about the middle of June. Impossible. The car was stolen on Tuesday, the 12th of June, and taken in possession by the sheriff on Saturday night, the 16th of June, and kept by him in his possession until returned to the agents of the owner. Webb and Stone seem to take their rightful place among the mythical strangers who are invoked to aid parties enmeshed in the toils of the law. No process seems to have been issued for them, and so far as we can tell no effort was made to obtain their testimony. Unfortunately appellant admitted while a witness that he had been convicted of theft and served a term in the penitentiary, and this probably caused the jury to give little credence to his testimony. This court will not reverse a case upon the ground of lack of testimony, if there be any testimony upon which the jury might base their conclusion of guilt.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, Judge.—Phillips testified that appellant pointed out the Buick car and told witness he could use it: appellant's evidence was that he told Phillips that Webb said Phillips could use the Buick. On this difference in the testimony appellant bases his argument for rehearing. The jury was at liberty to accept Phillips' version of the matter which they evidently did. This being true the state's case seems supported and we think under the circumstances this court would not be justified in disturbing the verdict.

The motion for rehearing is overruled.

*Overruled.*